**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**



| | | |
|---|---|---|
| **TRAXXAS, L.P.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No. 2:20-cv-331** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **JEREMIAH FREDERICK WILLIAM** | § | |
| **SANDERS dba 365 HOBBIES,** | § | |
| | § | |
| *Defendant.* | § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, PATENT INFRINGEMENT, AND UNJUST ENRICHMENT**

COMES NOW Plaintiff Traxxas, L.P. and files this Complaint for Trademark Infringement, Unfair Competition, Dilution, Patent Infringement, and Unjust Enrichment against Defendant Jeremiah Frederick William Sanders dba 365 Hobbies, alleging as follows:

## I.      NATURE OF THE SUIT

1.      This is a claim in which Plaintiff seeks injunctive and monetary relief for trademark infringement, unfair competition, and dilution arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; for patent infringement arising under the United States patent laws, 35 U.S.C. § 101 *et seq.*; for trademark dilution arising under Texas Business and Commerce Code § 16.103; and for trademark infringement, unfair competition, and unjust enrichment arising under Texas common law.

## II.      THE PARTIES

2.      Plaintiff **Traxxas, L.P. ("Traxxas")** is a Texas limited partnership that maintains its principal place of business in McKinney, Texas.

3.      Defendant **Jeremiah Frederick William Sanders** is an individual residing in Colorado Springs, Colorado and doing business as 365 Hobbies.

### III.    JURISDICTION AND VENUE

4.      Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338, this Court has subject matter jurisdiction over the federal trademark infringement, dilution, and related unfair competition claims because those claims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and over the patent infringement and related unfair competition claims because those claims arise under the United States patent laws, 35 U.S.C. § 101 *et seq.*

5.      Pursuant to 28 U.S.C. § 1367(a), this Court has subject matter jurisdiction over the state trademark dilution, trademark infringement, unfair competition, and unjust enrichment claims because those claims arise from the same nucleus of operative facts as the federal trademark infringement, dilution, patent infringement, and related unfair competition claims.

6.      This Court has specific personal jurisdiction over Defendant as to these claims pursuant to due process and the Texas Long Arm Statute because these claims arise from Defendant's acts or omissions (directly or through intermediaries) in this judicial District, including but not limited to sales or offers to sell the Accused Products to persons in this District and/or purposefully and voluntarily placing the Accused Products into the stream of commerce with the expectation that those Accused Products will be purchased by consumers in Texas and in this District.

7.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) for the reasons set forth above.  Furthermore, venue is proper because Defendant, directly or through intermediaries, sells and offers to sell its Accused Products to persons in this District, as discussed below.  Each of Defendant's acts complained of herein occurring in this District gives rise to proper venue.

## IV.   BACKGROUND

**A.   Traxxas and Its Intellectual Property**

8.     The business Traxxas operates was started in 1986.  Since that time, Traxxas has grown to become the number-one seller of Ready-to-Run nitro and electric model vehicles in the United States.

### 1.   The Asserted Trademarks

9.     Since at least September 12, 1986, Traxxas has continuously used the standard characters "TRAXXAS" (the "TRAXXAS Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

10.     On February 6, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued to Traxxas United States Trademark Registration No. 3,205,399 (the "TRAXXAS Class 028 Registration"), which comprises the standard characters "TRAXXAS" as applied to radio-controlled model vehicles and parts therefor in International Class 028.  A true and correct copy of the TRAXXAS Class 028 Registration (as updated December 19, 2017) is attached hereto as Exhibit 1.

11.     Since at least May 26, 2004, Traxxas has continuously used the TRAXXAS Mark in interstate commerce to identify, advertise, and promote its batteries and battery chargers to the consuming public.

12.     On July 11, 2017, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 5,242,836 (the "TRAXXAS Class 009 Registration"), which comprises the standard characters "TRAXXAS" as applied to batteries and battery chargers in International Class 009.  A true and correct copy of the TRAXXAS Class 009 Registration is attached hereto as Exhibit 2.

13.     Traxxas' right to use its TRAXXAS Mark has become incontestable.

14.     In addition to the TRAXXAS Class 028 Registration and the TRAXXAS Class 009 Registration, Traxxas owns three other USPTO trademark registrations comprising the word "TRAXXAS":

    a.     U.S. Trademark Registration No. 2,314,111, which comprises a design plus the word "TRAXXAS" as applied to radio-controlled model vehicles and parts therefor sold as a unit in International Class 028;

    b.     U.S. Trademark Registration No. 2,292,851, which comprises stylized characters "TRAXXAS" as applied to radio-controlled model vehicles and parts therefor, sold as a unit in International Class 028; and

    c.     U.S. Trademark Registration No. 5,257,656, which comprises stylized characters "TRAXXAS" as applied to batteries and battery chargers in International Class 009.

15.     Traxxas has also filed with the USPTO three additional pending applications for trademarks comprising the standard characters "TRAXXAS":

    a.     U.S. Trademark Application No. 88/215,688, which comprises the standard characters "TRAXXAS" as applied to hand tools adapted for use with model vehicles in International Class 008;

    b.     U.S. Trademark Application No. 88/266,147, which comprises the standard characters "TRAXXAS" as applied to decals; stickers; banners; posters; pens; vehicle wraps in International Class 016, lanyards in International Class 022, and apparel, namely, hats, shirts, sweaters, hoodies, jackets, beanies, and scarfs in International Class 025; and

c.  U.S. Trademark Application No. 88/266,155, which comprises the standard characters "TRAXXAS" as applied to phone accessories, namely, pop sockets in International Class 009, bags; duffel bags; backpacks in International Class 018, and cups; tumblers; beverage sleeves; desk mats in International Class 021.

16.  Since at least October 31, 1988, Traxxas has continuously used the typeset letters or standard characters "TRX" (the "TRX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

17.  On January 7, 1992, the USPTO duly and legally issued United States Trademark Registration No. 1,671,232 (the "TRX Class 028 Registration"), which comprises the typeset letters "TRX" as applied to radio-controlled model vehicles and parts therefor in International Class 028.  A true and correct copy of the TRX Class 028 Registration (which was assigned to Traxxas on July 25, 2003) is attached hereto as Exhibit 3.

18.  Since at least June 7, 2017, Traxxas has continuously used the TRX Mark in interstate commerce to identify, advertise, and promote its batteries and battery connectors to the consuming public.

19.  On April 7, 2020, the USPTO duly and legally issued United States Trademark Registration No. 6,030,294 (the "TRX Class 009 Registration"), which comprises the standard characters "TRX" as applied to batteries and battery connectors in International Class 009.  A true and correct copy of the TRX Class 009 is attached hereto as Exhibit 4.

20.  Traxxas' right to use its TRX Mark has become incontestable.

21.  In addition to the above-referenced USPTO registrations, Traxxas has registered each of the TRAXXAS Mark and the TRX Mark internationally.

22.     Traxxas has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing, and marketing of its radio-controlled model vehicles and parts therefor bearing each of the TRAXXAS Mark and the TRX Mark.

23.     As a result of Traxxas' long use and substantial advertising and promotion of each of the TRAXXAS Mark and the TRX Mark, each of the TRAXXAS Mark and the TRX Mark has become distinctive and widely known to consumers to designate Traxxas as the source of products bearing the TRAXXAS Mark or the TRX Mark, to distinguish Traxxas and its products from those of others, and to distinguish the source or origin of Traxxas' products.  As a result of these efforts by Traxxas, the consuming public in Texas and throughout the United States widely recognizes and associates each of the TRAXXAS Mark and the TRX Mark with Traxxas and with Traxxas' high-quality goods.

24.     As a result of Traxxas' long use and substantial advertising and promotion of each of the TRAXXAS Mark and the TRX Mark in Texas and elsewhere, Traxxas has acquired valuable common law rights in each of the TRAXXAS Mark and the TRX Mark, including but not limited to the goodwill and reputation of Traxxas, Traxxas' products, and each of the TRAXXAS Mark and the TRX Mark.

25.     Each of the TRAXXAS Mark and the TRX Mark is famous pursuant to 15 U.S.C. § 1125(c) and Texas Business and Commerce Code § 16.103.

**2.      The Asserted Patents**

26.     A true and correct copy of United States Patent No. 7,530,855 (the "'855 Patent"), entitled "Electrical Connector Assembly," is attached hereto as Exhibit 5.

27.     Traxxas is the current owner by assignment of all rights, title, and interest in and under the '855 Patent, which duly and legally issued on May 12, 2009, with Seralaathan

Hariharesan, Brock Dennison, and Jon Kenneth Lampert as the named inventors.  Traxxas has standing to sue for infringement of the '855 Patent.

28.     Since at least July 1, 2011, each and every patentee of the '855 Patent, and each and every person making, offering for sale, or selling within the United States, or importing into the United States, any patented article for or under the '855 Patent, has complied with the marking requirements set forth in 35 U.S.C. § 287.

29.     A true and correct copy of United States Patent No. 7,867,038 (the "'038 Patent"), entitled "Electrical Connector Assembly," is attached hereto as Exhibit 6.

30.     Traxxas is the current owner by assignment of all rights, title, and interest in and under the '038 Patent, which duly and legally issued on January 11, 2011, with Seralaathan Hariharesan, Brock Dennison, and Jon Kenneth Lampert as the named inventors.  Traxxas has standing to sue for infringement of the '038 Patent.

31.     Since at least July 1, 2011, each and every patentee of the '038 Patent, and each and every person making, offering for sale, or selling within the United States, or importing into the United States, any patented article for or under the '038 Patent, has complied with the marking requirements set forth in 35 U.S.C. § 287.

32.     A true and correct copy of United States Patent No. 9,166,323 (the "'323 Patent"), entitled "Electrical Connector Assembly," is attached hereto as Exhibit 7.

33.     Traxxas is the current owner by assignment of all rights, title, and interest in and under the '323 Patent, which duly and legally issued on October 20, 2015, with Jon Kenneth Lampert, Seralaathan Hariharesan, and Brock Dennison as the named inventors.  Traxxas has standing to sue for infringement of the '323 Patent.

34.     Since at least August 17, 2017, each and every patentee of the '323 Patent, and each and every person making, offering for sale, or selling within the United States, or importing into the United States, any patented article for or under the '323 Patent, has complied with the marking requirements set forth in 35 U.S.C. § 287.

35.     A true and correct copy of United States Patent No. 9,705,254 (the "'254 Patent"), entitled "Electrical Connector Assembly," is attached hereto as Exhibit 8.

36.     Traxxas is the current owner by assignment of all rights, title, and interest in and under the '254 Patent, which duly and legally issued on July 11, 2017, with Jon Kenneth Lampert, Seralaathan Hariharesan, and Brock Dennison as the named inventors.  Traxxas has standing to sue for infringement of the '254 Patent.

37.     Since at least July 27, 2017, each and every patentee of the '254 Patent, and each and every person making, offering for sale, or selling within the United States, or importing into the United States, any patented article for or under the '254 Patent, has complied with the marking requirements set forth in 35 U.S.C. § 287.

38.     A true and correct copy of United States Patent No. 10,177,500 (the "'500 Patent"), entitled "Electrical Connector Assembly," is attached hereto as Exhibit 9.

39.     Traxxas is the current owner by assignment of all rights, title, and interest in and under the '500 Patent, which duly and legally issued on January 8, 2019, with Jon Kenneth Lampert, Seralaathan Hariharesan, and Brock Dennison as the named inventors.  Traxxas has standing to sue for infringement of the '500 Patent.

40.     Since at least June 2, 2020, each and every patentee of the '500 Patent, and each and every person making, offering for sale, or selling within the United States, or importing into

the United States, any patented article for or under the '500 Patent, has complied with the marking requirements set forth in 35 U.S.C. § 287.

41.     A true and correct copy of United States Patent No. D573,536 (the "'536 Patent"), entitled "Electrical Connector," is attached hereto as Exhibit 10.

42.     Traxxas is the current owner by assignment of all rights, title, and interest in and under the '536 Patent, which duly and legally issued on July 22, 2008, with Seralaathan Hariharesan, Brock Dennison, Jon Kenneth Lampert, Michael S. Jenkins, Kent Poteet, and Jaime Felix Barajas as the named inventors.  Traxxas has standing to sue for infringement of the '536 Patent.

43.     Since at least July 1, 2011, each and every patentee of the '536 Patent, and each and every person making, offering for sale, or selling within the United States, or importing into the United States, any patented article for or under the '536 Patent, has complied with the marking requirements set forth in 35 U.S.C. § 287.

44.     A true and correct copy of United States Patent No. D576,557 (the "'557 Patent"), entitled "Electrical Connector," is attached hereto as Exhibit 11.

45.     Traxxas is the current owner by assignment of all rights, title, and interest in and under the '557 Patent, which duly and legally issued on September 9, 2008, with Seralaathan Hariharesan, Brock Dennison, Jon Kenneth Lampert, Michael S. Jenkins, Kent Poteet, and Jaime Felix Barajas as the named inventors.  Traxxas has standing to sue for infringement of the '557 Patent.

46.     Since at least July 1, 2011, each and every patentee of the '557 Patent, and each and every person making, offering for sale, or selling within the United States, or importing into

the United States, any patented article for or under the '557 Patent, has complied with the marking requirements set forth in 35 U.S.C. § 287.

47.     The '855 Patent, the '038 Patent, the '323 Patent, the '254 Patent, the '500 Patent, the '536 Patent, and the '557 Patent are referred to collectively herein as the "Asserted Patents."

**B.     Defendant and Its Products**

48.     Defendant, directly or through intermediaries, sells, offers for sale, distributes, or advertises certain connectors for batteries and other remote-controlled vehicle components (collectively the "Accused Products") that comprise a male or female connector that is marketed or intended to be compatible with Traxxas Gen 1 connectors.  Exemplary Accused Products are listed on Exhibit 12 attached hereto and are generally classified therein as "Gen 1 Male Connectors" and "Gen 1 Female Connectors."

49.     Defendant, directly or through intermediaries, makes, uses, sells, or offers for sale the Accused Products within the United States, or imports the Accused Products into the United States.

50.     Defendant, directly or through intermediaries, sells, offers for sale, distributes, and advertises the Accused Products in direct competition with products of Traxxas and of Traxxas' authorized retailers.

51.     Defendant, directly or through intermediaries, purposefully and voluntarily places the Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in Texas and in this judicial District.

52.     The Accused Products are purchased by consumers in Texas and in this judicial District.

53.     At least some of Defendant's Accused Products bear one or more spurious marks that are identical to, or substantially distinguishable from, Traxxas' federally registered TRX Mark.

54.     Defendant is not affiliated with or sponsored by Traxxas and has not been authorized by Traxxas to make, sell, offer for sale, distribute, or advertise any Traxxas products or any products bearing the TRAXXAS Mark, the TRX Mark, or any confusingly similar marks.

55.     Defendant, directly or through intermediaries, began selling, offering for sale, distributing, or advertising the Accused Products after Traxxas began using in commerce each of the TRAXXAS Mark and the TRX Mark.

56.     Defendant, directly or through intermediaries, began selling, offering for sale, distributing, or advertising the Accused Products after Traxxas obtained federal trademark registrations for each of the TRAXXAS Mark and the TRX Mark.

57.     Defendant, directly or through intermediaries, began selling, offering for sale, distributing, or advertising the Accused Products after it became aware of one or both of the TRAXXAS Mark and the TRX Mark.

58.     Defendant, directly or through intermediaries, began selling, offering for sale, distributing, or advertising the Accused Products after it became aware of Traxxas' rights in and to one or both of the TRAXXAS Mark and the TRX Mark.

59.     Alternatively, Defendant, directly or through intermediaries, began selling, offering for sale, distributing, or advertising the Accused Products after it took deliberate actions to avoid confirming Traxxas' rights in and to one or both of the TRAXXAS Mark and the TRX Mark.

60.     Defendant, directly or through intermediaries, began selling, offering for sale, distributing, or advertising the Accused Products after it became aware of at least a high probability

that its use in commerce of a counterfeit TRAXXAS Mark or a counterfeit TRX Mark in connection with the Accused Products would infringe Traxxas' rights in and to one or both of the TRAXXAS Mark and the TRX Mark.

61.     Unless Defendant's acts complained of herein are restrained by this Court, those acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

## V.     CLAIMS

### A.     Federal Trademark Infringement

62.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

63.     Defendant is, without Traxxas' consent, applying spurious marks that are identical to, or substantially distinguishable from, Traxxas' federally registered TRAXXAS Mark to advertisements (including at least Internet advertisements) intended to be used in commerce in connection with the sale, offering for sale, distribution, or advertising of at least some of the Accused Products.

64.     For example, Defendant, directly or through intermediaries, offers its Accused Product item number 131431095020 on ebay.com, which lists that product as "Traxxas 2-Male to 1-Female Series 2.5" TRX Connector Adapter E Revo LiPO Slash," as shown on Exhibit 13 attached hereto.

65.     Defendant is, without Traxxas' consent, using in commerce spurious marks that are identical to, or substantially distinguishable from, Traxxas' federally registered TRX Mark in connection with the sale, offering for sale, distribution, or advertising of at least some of the Accused Products.

66.     For example, the Accused Product depicted below bears a mark that is identical with, or substantially indistinguishable from, the federally registered TRX Mark:



67.     Defendant is, without Traxxas' consent, applying spurious marks that are identical to, or substantially distinguishable from, Traxxas' federally registered TRX Mark to advertisements (including at least Internet advertisements) intended to be used in commerce in connection with the sale, offering for sale, distribution, or advertising of at least some of the Accused Products.

68.     For example, Defendant, directly or through intermediaries, offers its Accused Product item number 131431095020 on ebay.com, which lists that product as "Traxxas 2-Male to 1-Female Series 2.5" TRX Connector Adapter E Revo LiPO Slash," as shown on Exhibit 13 attached hereto.

69.     Defendant's unauthorized use of each of the TRAXXAS Mark and the TRX Mark is likely to cause confusion, or to cause mistake, or to deceive customers and potential customers of the parties, or associates of such customers and potential customers, at least as to some

affiliation, connection, or association of Defendant with Traxxas, or as to the origin, sponsorship, or approval of the Accused Products by Traxxas.

70.     Defendant, knowing each spurious mark described herein to be a counterfeit mark, intentionally uses each such spurious mark in connection with the sale, offering for sale, or distribution of the Accused Products.

71.     Defendant's acts complained of herein constitute infringement of each of Traxxas' federally registered TRAXXAS Mark and TRX Mark in violation of 15 U.S.C. § 1114(1)(a) and (b).

72.     Defendant's infringement of each of Traxxas' federally registered TRAXXAS Mark and TRX Mark in violation of 15 U.S.C. § 1114(1)(a) and (b) as complained of herein has been, and continues to be, willful, rendering this case exceptional under 15 U.S.C. § 1117(a).

73.     Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less under 15 U.S.C. § 1117 than either: (a) three times either Defendant's profits or Traxxas' actual damages from Defendant's wrongful acts, whichever amount is greater, together with Traxxas' reasonable attorneys' fees and costs, or (b) statutory damages of up to $2,000,000 per counterfeit mark per type of Accused Product sold, offered for sale, or distributed, together with Traxxas' reasonable attorneys' fees and costs.

74.     Further, unless Defendant's acts complained of herein are restrained by this Court, those acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

**B.     Federal Unfair Competition**

75.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

76.     Defendant's unauthorized use in commerce of each of the TRAXXAS Mark and the TRX Mark in connection with the Accused Products falsely designates the origin of the Accused Products, or otherwise falsely or misleadingly describes or represents facts, which is likely to cause confusion, or to cause mistake, or to deceive customers and potential customers of the parties, or associates of such customers and potential customers, at least as to some affiliation, connection, or association of Defendant with Traxxas, or as to the origin, sponsorship, or approval of the Accused Products by Traxxas.

77.     Defendant, directly or through intermediaries, began selling, offering for sale, distributing, or advertising the Accused Products after it became aware of the goodwill and reputation of Traxxas, Traxxas' products, and one or both of the TRAXXAS Mark and the TRX Mark.

78.     At the time Defendant, directly or through intermediaries, began selling, offering for sale, distributing, or advertising the Accused Products, Defendant intended to trade off of and to take unfair advantage of the goodwill and reputation of Traxxas, Traxxas' products, and one or both of the TRAXXAS Mark and the TRX Mark.

79.     Defendant's unauthorized use in commerce of each of the TRAXXAS Mark and the TRX Mark in connection with the Accused Products enables Defendant to trade on and receive the benefit of the goodwill and reputation built up at great labor and expense by Traxxas over many years, and to gain acceptance for the Accused Products not solely on their own merits, but on the reputation and goodwill of Traxxas, Traxxas' products, and each of the TRAXXAS Mark and the TRX Mark.

80.     Defendant's acts complained of herein constitute unfair competition in violation of 15 U.S.C. § 1125(a).

81.     Defendant's unfair competition in violation of 15 U.S.C. § 1125(a) as complained of herein has been, and continues to be, willful, rendering this case exceptional under 15 U.S.C. § 1117(a).

82.     Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less under 15 U.S.C. § 1117 than up to three times either Defendant's profits or Traxxas' actual damages from Defendant's wrongful acts, whichever amount is greater, together with Traxxas' reasonable attorneys' fees and costs.

83.     Further, unless Defendant's acts complained of herein are restrained by this Court, those acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

## C.     Federal Trademark Dilution

84.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

85.     Defendant, directly or through intermediaries, began selling, offering for sale, distributing, or advertising the Accused Products after one or both of the TRAXXAS Mark and the TRX Mark became famous and distinctive.

86.     Defendant's unauthorized use in commerce of each of the TRAXXAS Mark and the TRX Mark in connection with the Accused Products removes from Traxxas the ability to control the nature and quality of products provided under each of the TRAXXAS Mark and the TRX Mark and places the valuable goodwill and reputation of Traxxas, Traxxas' products, and each of the TRAXXAS Mark and the TRX Mark in the hands of Defendant, over whom Traxxas has no control.

87.     Defendant's unauthorized use in commerce of each of the TRAXXAS Mark and the TRX Mark in connection with the Accused Products is likely to cause dilution by blurring or dilution by tarnishment of one or both of the famous and distinctive TRAXXAS Mark and TRX Mark.

88.     Defendant's acts complained of herein constitute dilution of one or both of Traxxas' famous and distinctive TRAXXAS Mark and TRX Mark in violation of 15 U.S.C. § 1125(c).

89.     Defendant's dilution of one or both of Traxxas' famous and distinctive TRAXXAS Mark and TRX Mark in violation of 15 U.S.C. § 1125(c) as complained of herein has been, and continues to be, willful, rendering this case exceptional under 15 U.S.C. § 1117(a).

90.     Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less under 15 U.S.C. § 1117 than up to three times either Defendant's profits or Traxxas' actual damages from Defendant's wrongful acts, whichever amount is greater, together with Traxxas' reasonable attorneys' fees and costs.

91.     Further, unless Defendant's acts complained of herein are restrained by this Court, those acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

## D.     Patent Infringement

### 1.     The '855 Patent

92.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

93.     At least Defendant's Gen 1 Male Connectors are covered by at least claim 11 of the '855 Patent.

94.     Defendant has directly infringed and continues to infringe at least claim 11 of the '855 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Traxxas' authority, making, using, selling, or offering to sell at least its Gen 1 Male Connectors in the United States, or importing at least its Gen 1 Male Connectors into the United States.

95.     Further and in the alternative, at least since the filing and service of this Complaint, Defendant has been and now is actively inducing infringement of at least claim 11 of the '855 Patent in violation of 35 U.S.C. § 271(b).  Users of at least the Gen 1 Male Connectors directly infringe at least claim 11 of the '855 Patent when they use those connectors in the ordinary, customary, and intended way.  Defendant's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Gen 1 Male Connectors within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying those connectors to consumers within the United States and promoting (for example, in online marketing) the ordinary, customary, and intended use of those connectors as substitutes for Traxxas' genuine, patented connectors, which use Defendant knows or should know infringes at least claim 11 of the '855 Patent.

96.     Further and in the alternative, at least since the filing and service of this Complaint, Defendant has been and now is actively contributing to infringement of at least claim 11 of the '855 Patent in violation of 35 U.S.C. § 271(c).  Defendant installs, configures, and sells at least its Gen 1 Male Connectors with distinct components, including but not limited to male battery connectors, that are especially made or especially adapted to practice the invention claimed in at least claim 11 of the '855 Patent.  Each male battery connector within at least the Gen 1 Male Connectors constitutes a material part of the claimed invention recited in at least claim 11 of the '855 Patent and not a staple article or commodity of commerce because it is specifically configured

according to at least claim 11 of the '855 Patent.  Defendant's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, its Gen 1 Male Connectors, which include a male battery connector, knowing the male battery connector to be especially made or especially adapted for use in an infringement of at least claim 11 of the '855 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

97.     At least Defendant's Gen 1 Female Connectors are covered by at least claim 1 of the '855 Patent.

98.     Defendant has directly infringed and continues to infringe at least claim 1 of the '855 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Traxxas' authority, making, using, selling, or offering to sell at least its Gen 1 Female Connectors in the United States, or importing at least its Gen 1 Female Connectors into the United States.

99.     Further and in the alternative, at least since the filing and service of this Complaint, Defendant has been and now is actively inducing infringement of at least claim 1 of the '855 Patent in violation of 35 U.S.C. § 271(b).  Users of at least the Gen 1 Female Connectors directly infringe at least claim 1 of the '855 Patent when they use those connectors in the ordinary, customary, and intended way.  Defendant's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Gen 1 Female Connectors within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying those connectors to consumers within the United States and promoting (for example, in online marketing) the ordinary, customary, and intended use of those connectors as substitutes for Traxxas' genuine, patented connectors, which use Defendant knows or should know infringes at least claim 1 of the '855 Patent.

100.     Further and in the alternative, at least since the filing and service of this Complaint, Defendant has been and now is actively contributing to infringement of at least claim 1 of the '855 Patent in violation of 35 U.S.C. § 271(c).  Defendant installs, configures, and sells at least its Gen 1 Female Connectors with distinct components, including but not limited to female battery connectors, that are especially made or especially adapted to practice the invention claimed in at least claim 1 of the '855 Patent.  Each female battery connector within at least the Gen 1 Female Connectors constitutes a material part of the claimed invention recited in at least claim 1 of the '855 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '855 Patent.  Defendant's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, its Gen 1 Female Connectors, which include a female battery connector, knowing the female battery connector to be especially made or especially adapted for use in an infringement of at least claim 1 of the '855 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

101.     Defendant's infringement of the '855 Patent has been and continues to be willful and deliberate.

102.     Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less than up to three times the amount of a reasonable royalty under 35 U.S.C. § 284, together with Traxxas' reasonable attorneys' fees and costs under 35 U.S.C. § 285.

103.     Further, unless Defendant's acts complained of herein are restrained by this Court, those acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

### 2. The '038 Patent

104.    Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

105.    At least Defendant's Gen 1 Male Connectors are covered by at least claim 1 of the '038 Patent.

106.    Defendant has directly infringed and continues to infringe at least claim 1 of the '038 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Traxxas' authority, making, using, selling, or offering to sell at least its Gen 1 Male Connectors in the United States, or importing at least its Gen 1 Male Connectors into the United States.

107.    Further and in the alternative, at least since the filing and service of this Complaint, Defendant has been and now is actively inducing infringement of at least claim 1 of the '038 Patent in violation of 35 U.S.C. § 271(b).  Users of at least the Gen 1 Male Connectors directly infringe at least claim 1 of the '038 Patent when they use those connectors in the ordinary, customary, and intended way.  Defendant's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Gen 1 Male Connectors within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying those connectors to consumers within the United States and promoting (for example, in online marketing) the ordinary, customary, and intended use of those connectors as substitutes for Traxxas' genuine, patented connectors, which use Defendant knows or should know infringes at least claim 1 of the '038 Patent.

108.    Further and in the alternative, at least since the filing and service of this Complaint, Defendant has been and now is actively contributing to infringement of at least claim 1 of the '038 Patent in violation of 35 U.S.C. § 271(c).  Defendant installs, configures, and sells at least its Gen

---

1 Male Connectors with distinct components, including but not limited to male battery connectors, that are especially made or especially adapted to practice the invention claimed in at least claim 1 of the '038 Patent.  Each male battery connector within at least the Gen 1 Male Connectors constitutes a material part of the claimed invention recited in at least claim 1 of the '038 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '038 Patent.  Defendant's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, its Gen 1 Male Connectors, which include a male battery connector, knowing the male battery connector to be especially made or especially adapted for use in an infringement of at least claim 1 of the '038 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

109.    At least Defendant's Gen 1 Female Connectors are covered by at least claim 20 of the '038 Patent.

110.    Defendant has directly infringed and continues to infringe at least claim 20 of the '038 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Traxxas' authority, making, using, selling, or offering to sell at least its Gen 1 Female Connectors in the United States, or importing at least its Gen 1 Female Connectors into the United States.

111.    Further and in the alternative, at least since the filing and service of this Complaint, Defendant has been and now is actively inducing infringement of at least claim 20 of the '038 Patent in violation of 35 U.S.C. § 271(b).  Users of at least the Gen 1 Female Connectors directly infringe at least claim 20 of the '038 Patent when they use those connectors in the ordinary, customary, and intended way.  Defendant's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Gen 1

Female Connectors within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying those connectors to consumers within the United States and promoting (for example, in online marketing) the ordinary, customary, and intended use of those connectors as substitutes for Traxxas' genuine, patented connectors, which use Defendant knows or should know infringes at least claim 20 of the '038 Patent.

112.    Further and in the alternative, at least since the filing and service of this Complaint, Defendant has been and now is actively contributing to infringement of at least claim 20 of the '038 Patent in violation of 35 U.S.C. § 271(c).  Defendant installs, configures, and sells at least its Gen 1 Female Connectors with distinct components, including but not limited to female battery connectors, that are especially made or especially adapted to practice the invention claimed in at least claim 20 of the '038 Patent.  Each female battery connector within at least the Gen 1 Female Connectors constitutes a material part of the claimed invention recited in at least claim 20 of the '038 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 20 of the '038 Patent.  Defendant's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, its Gen 1 Female Connectors, which include a female battery connector, knowing the female battery connector to be especially made or especially adapted for use in an infringement of at least claim 20 of the '038 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

113.    Defendant's infringement of the '038 Patent has been and continues to be willful and deliberate.

114.    Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less than up to three times the amount of a reasonable royalty under 35 U.S.C. § 284, together with Traxxas' reasonable attorneys' fees and costs under 35 U.S.C. § 285.

115.    Further, unless Defendant's acts complained of herein are restrained by this Court, those acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

**3.    The '323 Patent**

116.    Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

117.    At least Defendant's Gen 1 Female Connectors are covered by at least claim 1 of the '323 Patent.

118.    Defendant has directly infringed and continues to infringe at least claim 1 of the '323 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Traxxas' authority, making, using, selling, or offering to sell at least its Gen 1 Female Connectors in the United States, or importing at least its Gen 1 Female Connectors into the United States.

119.    Further and in the alternative, at least since the filing and service of this Complaint, Defendant has been and now is actively inducing infringement of at least claim 1 of the '323 Patent in violation of 35 U.S.C. § 271(b).  Users of at least the Gen 1 Female Connectors directly infringe at least claim 1 of the '323 Patent when they use those connectors in the ordinary, customary, and intended way.  Defendant's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Gen 1 Female Connectors within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying those connectors to consumers within the United States and promoting

(for example, in online marketing) the ordinary, customary, and intended use of those connectors as substitutes for Traxxas' genuine, patented connectors, which use Defendant knows or should know infringes at least claim 1 of the '323 Patent.

120.    Further and in the alternative, at least since the filing and service of this Complaint, Defendant has been and now is actively contributing to infringement of at least claim 1 of the '323 Patent in violation of 35 U.S.C. § 271(c).  Defendant installs, configures, and sells at least its Gen 1 Female Connectors with distinct components, including but not limited to female battery connectors, that are especially made or especially adapted to practice the invention claimed in at least claim 1 of the '323 Patent.  Each female battery connector within at least the Gen 1 Female Connectors constitutes a material part of the claimed invention recited in at least claim 1 of the '323 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '323 Patent.   Defendant's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, its Gen 1 Female Connectors, which include a female battery connector, knowing the female battery connector to be especially made or especially adapted for use in an infringement of at least claim 1 of the '323 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

121.    Defendant's infringement of the '323 Patent has been and continues to be willful and deliberate.

122.    Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less than up to three times the amount of a reasonable royalty under 35 U.S.C. § 284, together with Traxxas' reasonable attorneys' fees and costs under 35 U.S.C. § 285.

123.    Further, unless Defendant's acts complained of herein are restrained by this Court, those acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

**4.    The '254 Patent**

124.    Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

125.    At least Defendant's Gen 1 Female Connectors are covered by at least claim 1 of the '254 Patent.

126.    Defendant has directly infringed and continues to infringe at least claim 1 of the '254 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Traxxas' authority, making, using, selling, or offering to sell at least its Gen 1 Female Connectors in the United States, or importing at least its Gen 1 Female Connectors into the United States.

127.    Further and in the alternative, at least since the filing and service of this Complaint, Defendant has been and now is actively inducing infringement of at least claim 1 of the '254 Patent in violation of 35 U.S.C. § 271(b).  Users of at least the Gen 1 Female Connectors directly infringe at least claim 1 of the '254 Patent when they use those connectors in the ordinary, customary, and intended way.  Defendant's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Gen 1 Female Connectors within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying those connectors to consumers within the United States and promoting (for example, in online marketing) the ordinary, customary, and intended use of those connectors as substitutes for Traxxas' genuine, patented connectors, which use Defendant knows or should know infringes at least claim 1 of the '254 Patent.

128.    Further and in the alternative, at least since the filing and service of this Complaint, Defendant has been and now is actively contributing to infringement of at least claim 1 of the '254 Patent in violation of 35 U.S.C. § 271(c).  Defendant installs, configures, and sells at least its Gen 1 Female Connectors with distinct components, including but not limited to female battery connectors, that are especially made or especially adapted to practice the invention claimed in at least claim 1 of the '254 Patent.  Each female battery connector within at least the Gen 1 Female Connectors constitutes a material part of the claimed invention recited in at least claim 1 of the '254 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '254 Patent.  Defendant's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, its Gen 1 Female Connectors, which include a female battery connector, knowing the female battery connector to be especially made or especially adapted for use in an infringement of at least claim 1 of the '254 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

129.    Defendant's infringement of the '254 Patent has been and continues to be willful and deliberate.

130.    Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less than up to three times the amount of a reasonable royalty under 35 U.S.C. § 284, together with Traxxas' reasonable attorneys' fees and costs under 35 U.S.C. § 285.

131.    Further, unless Defendant's acts complained of herein are restrained by this Court, those acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

5.    **The '500 Patent**

132.    Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

133.    At least Defendant's Gen 1 Female Connectors are covered by at least claim 1 of the '500 Patent.

134.    Defendant has directly infringed and continues to infringe at least claim 1 of the '500 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Traxxas' authority, making, using, selling, or offering to sell at least its Gen 1 Female Connectors in the United States, or importing at least its Gen 1 Female Connectors into the United States.

135.    Further and in the alternative, at least since the filing and service of this Complaint, Defendant has been and now is actively inducing infringement of at least claim 1 of the '500 Patent in violation of 35 U.S.C. § 271(b).  Users of at least the Gen 1 Female Connectors directly infringe at least claim 1 of the '500 Patent when they use those connectors in the ordinary, customary, and intended way.  Defendant's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Gen 1 Female Connectors within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying those connectors to consumers within the United States and promoting (for example, in online marketing) the ordinary, customary, and intended use of those connectors as substitutes for Traxxas' genuine, patented connectors, which use Defendant knows or should know infringes at least claim 1 of the '500 Patent.

136.    Further and in the alternative, at least since the filing and service of this Complaint, Defendant has been and now is actively contributing to infringement of at least claim 1 of the '500 Patent in violation of 35 U.S.C. § 271(c).  Defendant installs, configures, and sells at least its Gen

1 Female Connectors with distinct components, including but not limited to female battery connectors, that are especially made or especially adapted to practice the invention claimed in at least claim 1 of the '500 Patent.  Each female battery connector within at least the Gen 1 Female Connectors constitutes a material part of the claimed invention recited in at least claim 1 of the '500 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '500 Patent.  Defendant's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, its Gen 1 Female Connectors, which include a female battery connector, knowing the female battery connector to be especially made or especially adapted for use in an infringement of at least claim 1 of the '500 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

137.    Defendant's infringement of the '500 Patent has been and continues to be willful and deliberate.

138.    Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less than up to three times the amount of a reasonable royalty under 35 U.S.C. § 284, together with Traxxas' reasonable attorneys' fees and costs under 35 U.S.C. § 285.

139.    Further, unless Defendant's acts complained of herein are restrained by this Court, those acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

**6.    The '536 Patent**

140.    At least Defendant's Gen 1 Male Connectors are covered by the claim of the '536 Patent.

---

141.   An ordinary observer comparing the design claimed by the '536 Patent to the design of at least Defendant's Gen 1 Male Connector component depicted below in the context of the prior art would think that the two designs are substantially the same:

 

'536 Patent                    Gen 1 Male Connector

142.   Defendant has directly infringed and continues to infringe at least the claim of the '536 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Traxxas' authority, making, using, selling, or offering to sell at least its Gen 1 Male Connectors in the United States, or importing at least its Gen 1 Male Connectors into the United States.

143.   Defendant's infringement of the '536 Patent has been and continues to be willful and deliberate.

144.   Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less than Defendant's profits under 35 U.S.C. § 289, together with Traxxas' reasonable attorneys' fees and costs under 35 U.S.C. § 285.

145.   Further, unless Defendant's acts complained of herein are restrained by this Court, those acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

146.   Further, unless Defendant's acts complained of herein are restrained by this Court, those acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

7.    **The '557 Patent**

147.    At least Defendant's Gen 1 Female Connectors are covered by the claim of the '557 Patent.

148.    An ordinary observer comparing the design claimed by the '557 Patent to the design of at least Defendant's Gen 1 Female Connector component depicted below in the context of the prior art would think that the two designs are substantially the same:




'557 Patent                          Gen 1 Female Connector

149.    Defendant has directly infringed and continues to infringe at least the claim of the '557 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Traxxas' authority, making, using, selling, or offering to sell at least its Gen 1 Female Connectors in the United States, or importing at least its Gen 1 Female Connectors into the United States.

150.    Defendant's infringement of the '557 Patent has been and continues to be willful and deliberate.

151.    Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less than Defendant's profits under 35 U.S.C. § 289, together with Traxxas' reasonable attorneys' fees and costs under 35 U.S.C. § 285.

152.    Further, unless Defendant's acts complained of herein are restrained by this Court, those acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

**E.      Texas Trademark Dilution**

153.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

154.     Defendant's acts complained of herein constitute dilution of one or both of Traxxas' famous and distinctive TRAXXAS Mark and TRX Mark in violation of Texas Business and Commerce Code § 16.103.

**F.      Texas Trademark Infringement**

155.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

156.     Defendant's acts complained of herein constitute trademark infringement in violation of Texas state common law.

**G.      Texas Unfair Competition**

157.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

158.     Defendant's acts complained of herein constitute unfair competition in violation of Texas state common law.

**H.      Texas Unjust Enrichment**

159.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

160.     Defendant's acts complained of herein unjustly enrich Defendant at Traxxas' expense because Defendant, through its acts complained of herein, has obtained and continues to obtain a benefit from Traxxas by taking unfair advantage of the goodwill and reputation of Traxxas, Traxxas' products, and each of the TRAXXAS Mark and the TRX Mark.

161.    Specifically, Defendant has taken unfair advantage of Traxxas by trading on and profiting from the goodwill and reputation of Traxxas, Traxxas' products, and each of the TRAXXAS Mark and the TRX Mark, all of which were developed and are owned by Traxxas, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for its own business and products.

162.    Defendant's acts complained of herein constitute unjust enrichment of Defendant at Traxxas' expense in violation of Texas state common law.

## VI.    DAMAGES

163.    Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

164.    Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial.

165.    Defendant's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with intent to trade on or harm Traxxas' goodwill and reputation.  In view of the egregious nature of Defendant's acts, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and 35 U.S.C. § 285.

## VII.    PRAYER FOR RELIEF

Traxxas respectfully requests the following relief:

a.    A judgment and order in favor of Traxxas that Defendant has infringed each of the TRAXXAS Mark and the TRX Mark under federal and Texas state law, as described herein;

b.    A judgment and order in favor of Traxxas that Defendant has unfairly competed with Traxxas under federal and Texas state law, as described herein;

c.      A judgment and order in favor of Traxxas that Defendant has diluted one or both of Traxxas' famous TRAXXAS Mark and TRX Mark under federal and Texas state law, as described herein;

d.      A judgment and order in favor of Traxxas that Defendant has been unjustly enriched at Traxxas' expense under Texas state law, as described herein;

e.      A judgment and order in favor of Traxxas that Defendant has infringed each of the Asserted Patents, whether literally or under the doctrine of equivalents, as described herein;

f.      A judgment and order in favor of Traxxas that Defendant's infringement and conduct have been willful and deliberate;

g.      A judgment and order in favor of Traxxas that this case is exceptional under 15 U.S.C. § 1117(a) and 35 U.S.C. § 285;

h.      A permanent injunction:

(1)      enjoining Defendant, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, from using the TRAXXAS Mark, the TRX Mark, or any other mark or design that is confusingly similar to or likely to cause dilution of the TRAXXAS Mark or the TRX Mark, and from any attempt to retain any part of the goodwill and reputation misappropriated from Traxxas;

(2)      enjoining Defendant, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, from making, using, selling, or offering for sale in the United States, or importing into the United States, any products that directly

infringe, induce infringement of, or contribute to infringement of the inventions claimed in the Asserted Patents;

(3)    requiring Defendant, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, to deliver up and destroy all Accused Products, as well as all signage, advertisements, commercials, Internet postings and advertisements, and any other material bearing or using the TRAXXAS Mark, the TRX Mark, or any other mark or design that is confusingly similar to or likely to cause dilution of the TRAXXAS Mark or the TRX Mark; and

(4)    requiring Defendant to file with this Court and to serve upon Traxxas, within thirty days after the entry and service on Defendant of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

i.    A judgment and order directing an accounting to determine Defendant's profits resulting from the activities complained of herein, including Defendant's profits from any continuing post-verdict or post-judgment activities, and that such profits, or, alternatively, Traxxas' actual damages, be paid over to Traxxas, increased as the Court finds to be just under the circumstances of this case;

j.    A judgment and order requiring Defendant to pay Traxxas its damages sustained as a result of Defendant's activities described herein, including supplemental damages for any continuing post-verdict or post-judgment activities with an accounting as needed, and that such damages be trebled;

k.     A judgment and order requiring Defendant to pay Traxxas its costs, expenses, and pre-judgment and post-judgment interest;

l.     A judgment and order requiring Defendant to pay Traxxas its reasonable attorneys' fees; and

m.     Such other and further relief as the Court deems just and proper.

## VIII.   JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Traxxas requests a jury trial of all issues triable of right by a jury.

Dated: October 13, 2020                          Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

***Counsel for Plaintiff Traxxas, L.P.***